```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

JAMES De VONISH,                    :

                Petitioner,         :    08 Civ. 10845 (WHP)(HBP)

    -against-                       :    REPORT AND
                                         RECOMMENDATION
JAMES J. WALSH,                     :
Superintendent,
                                    :
                Respondent.
                                    :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

TO THE HONORABLE WILLIAM H. PAULEY, III, United States District Judge,

I.  Introduction

Petitioner James De Vonish seeks, by his pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, an Order vacating a judgment of conviction entered on July 27, 2006, upon his plea of guilty, to one count of burglary in the second degree in violation of New York Penal Law Section 140.25(2). Pursuant to his plea and a negotiated plea agreement, petitioner was sentenced, as a second felony offender, to an determinate term of imprisonment of nine years plus five years of post-release supervision.  The New York State Department of Correc-

tional Services Website indicates that petitioner was released from custody on October 22, 2009.

For the reasons set forth below, I respectfully recommend that the petition be denied.

II. Facts

    A. Pertinent State
       Court Proceedings

        1. Proceedings Prior to
          De Vonish's Guilty Plea

On February 12, 2002, De Vonish was arrested inside the French Evangelical Presbyterian Church in Manhattan and charged with burglary and other offenses. By New York County indictment number 850/2002, filed on February 22, 2002, De Vonish was charged with one count of burglary in the second degree, one count of criminal mischief in the third degree, one count of criminal possession of a controlled substance in the seventh degree, and six counts of possession of burglar's tools, in violation of N.Y. Penal Law §§ 140.25(2), 145.05, 220.03, and 140.35 respectively (Petition for a Writ of Habeas Corpus, dated Nov. 1, 2008 (Docket Item 1)("Petition") ¶ 4).[1]

---

[1] Petitioner was originally found guilty after a jury trial
(continued...)

2. De Vonish's Guilty Plea

On July 14, 2006, De Vonish entered a guilty plea to burglary in the second degree, in full satisfaction of the indictment (Petition at 1).

---

[1](...continued)
and sentenced, as a persistent felony offender, to an indeterminate prison term of fifteen years to life. That judgment of conviction was reversed on December 15, 2005 by the New York Court of Appeals, based on the Trial Court's failure to charge the jury on the lesser included offense of second degree criminal trespass. See People v. DeVonish, 6 N.Y.3d 727, 728, 843 N.E.2d 1120, 1120, 810 N.Y.S.2d 380, 380 (2005).

At trial, the prosecution elicited the following testimony: on February 12, 2002, at 4:30 A.M., police officers responded to a 911 call reporting a possible burglary in progress at the French Evangelical Presbyterian Church located at 128 West 16th Street, New York, New York. The daughter of the church's superintendent, who lived in an apartment connected to the church building, was awakened by the sounds of banging, pounding, and things breaking coming from the church. She called the police and reported that she believed someone was in the church. Shortly thereafter, several officers responded, and the superintendent's daughter unlocked the church gate and door and allowed the officers inside. Once inside the officers observed a broken window and discovered the petitioner in the dining area of the church. The officers handcuffed and placed the petitioner under arrest. The officers also noticed a black canvas bag five or six inches from the petitioner. The police searched that bag and discovered several tools, including a bolt cutter. The church's general contractor testified that the bolt cutter was his own which he had left in the church, but he was unsure as to whether the other tools were his as well.

The defendant testified that he was homeless that night and came to the church, the door of which was unlocked, to escape the cold and to sleep. (See Exhibit F to the Gill Decl., Affidavit at 2-3).

During his plea allocation, the Trial Court reviewed with De Vonish the rights he was waiving by pleading guilty including the rights to a jury trial, to confront and cross-examine witnesses, to call witnesses, to remain silent or to testify, and to assert any defense. De Vonish stated that he understood he was waiving those rights (P. Tr.[2] 3-4).

The Trial Court then asked De Vonish if he was "aware that his right to appeal is waived separately from the rights I just mentioned that automatically [are] waived by plea" (P. Tr. 6-7). The Trial Court explained that De Vonish had "negotiated away" the right to appeal as a condition of receiving a lower sentence than he could have received after trial. De Vonish confirmed that he understood this and subsequently signed a waiver of the right to appeal (P. Tr. 6-7). De Vonish then admitted that on February 12, 2002, he "entered and remained unlawfully" in a building located at 128 West 16th Street which was by law deemed a dwelling, and that he did so with intent to commit a crime inside the building (P. Tr. 7-8). In exchange for his plea, the court promised De Vonish a sentence of nine years of imprisonment plus five years of post-release supervision (P.

---

[2] References to P. Tr. are citations to the transcript of the plea allocution before the Supreme Court of the State of New York (FitzGerald, J.) on July 14, 2006.

4

Tr. 5-6). On July 27, 2006 De Vonish was sentenced in accordance with the sentence promised by the court.

>   3. De Vonish's Appeal and
>      <u>Collateral Attack</u>

Petitioner, assisted by counsel, appealed his conviction to the Appellate Division of the Supreme Court for the First Department. Petitioner asserted two claims on appeal: (1) his waiver of the right to appeal was ineffective and (2) the nine-year sentence was excessive (Exhibit A to the Declaration of Alyson J. Gill, In Opposition to Petition for a Writ of Habeas Corpus, dated July 27, 2009 (Docket Item 8) ("Gill Decl.") at 5-7). On May 8, 2008, the Appellate Division affirmed petitioner's conviction without opinion. <u>People v. DeVonish</u>, 51 A.D.3d 482, 857 N.Y.S.2d 517 (1st Dep't 2008).

On March 20, 2008, petitioner sought leave to appeal his conviction to the New York Court of Appeals (Exhibit D to the Gill Decl.). The New York Court of Appeals denied leave to appeal on August 19, 2008. <u>People v. DeVonish</u>, 11 N.Y.3d 736, 736, 894 N.E.2d 658, 658, 864 N.Y.S.2d 394, 394 (2008).

On February 28, 2007, De Vonish moved to set aside his judgment of conviction pursuant to New York Criminal Procedure Law § 440.10 (the "440.10 Motion"), arguing that: (1) he had been arrested without probable cause; (2) the bag found near his feet

5

at the time of the arrest and its contents should have been suppressed; and (3) the New York burglary statute is unconstitutionally vague because it does not require the prosecution to identify the crime the defendant intended to commit within the premises illegally entered (Notice of Motion to Vacate Judgment and Affidavit, dated Feb. 28, 2007, at 1-9, annexed as Exhibit F to the Gill Decl.).

On April 8, 2008, the Supreme Court, New York County (FitzGerald, J.), denied De Vonish's 440.10 Motion. The Court held that "[b]y filing this CPL Article 440 motion, the defendant is attempting to circumvent the waiver he signed in open court, and do indirectly what he cannot do directly." People v. Devonish, Ind. No. 850-2002 at 4 (Sup. Ct. N.Y. Co. Apr. 8, 2008)(order denying 440.10 Motion), annexed as Exhibit G to the Gill Decl. The Court additionally held that the motion would fail on the merits because the arrest was based on probable cause and the New York burglary statute was not unconstitutionally vague because "[a] specific intent to commit a particular crime upon entry is not a material element of the offense under New York Law." People v. Devonish, supra at 5 (order denying 440.10 motion), citing People v. Mackey, 49 N.Y.2d 274, 279, 401 N.E.2d 398, 401, 425 N.Y.S.2d 288, 291 (1980).

On May 6, 2008, De Vonish applied for leave to appeal the denial of his 440.10 Motion to the Appellate Division (Notice of Application and Affidavit in Support of Application, dated Apr. 27, 2008, annexed as Exhibit H to the Gill Decl.); that application was denied on August 7, 2008.  <u>People v. Devonish</u>, Ind. No. 850-2002 (1st Dep't Aug. 26, 2008), annexed as Exhibit J to the Gill Decl.

    B.   <u>The Pending Petition</u>

Petitioner raises the same three claims here that he raised before the New York State Supreme Court on his 440.10 Motion.

III.   <u>Analysis</u>

    A.   <u>Claims Waived by Guilty Plea</u>

Respondent argues that De Vonish's claims cannot provide a basis for relief because (1) they were extinguished by De Vonish's guilty plea and (2) they are procedurally barred by N.Y. Crim. Proc. Law § 440.10(2)(C) because De Vonish failed to raise these on-the-record claims in his direct appeal (Resp't Br. 10-12, 14-17).  Respondent further argues that De Vonish's Fourth

7

Amendment claims are not cognizable on federal habeas review under Stone v. Powell, 428 U.S. 465 (1976) (Resp't Br. 12-13).

### 1. Legal Principles

Where, as here, a criminal defendant pleads guilty, he is ordinarily precluded from raising any constitutional claim arising out of events that precede the plea. As the United States Supreme Court explained in Tollett v. Henderson, 411 U.S. 258, 267 (1973),

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . . .

Accord United States v. Gregg, 463 F.3d 160, 164 (2d Cir. 2006) ("[A] guilty plea does not 'waive' constitutional challenges so much as it conclusively resolves the question of factual guilt supporting the conviction, thereby rendering any antecedent constitutional violation bearing on factual guilt a non-issue[.]"); Whitehead v. Senkowski, 943 F.2d 230, 233 (2d Cir. 1991) ("Generally, a knowing and voluntary guilty plea precludes federal habeas corpus review of claims relating to constitutional rights at issue prior to the entry of the plea.");

8

cf. United States v. Coffin, 76 F.3d 494, 496 (2d Cir. 1996) ("[A] knowing and voluntary guilty plea waives all non-jurisdictional defects in the prior proceedings."); Lebowitz v. United States, 877 F.2d 207, 209 (2d Cir. 1989) (knowing and voluntary guilty plea waives all non-jurisdictional defects in prior proceedings).

> The point of these cases is that a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established.

Lugo v. Artus, 05 Civ. 1998 (SAS), 2008 WL 312298 at *3 (S.D.N.Y. Jan. 31, 2008)(Scheindlin, D.J.), citing Menna v. New York, 423 U.S. 61, 62 n.2 (1975).

Accordingly, a habeas petitioner who has pled guilty to state criminal charges "'is not entitled to the vacating of his conviction on the basis of claimed antecedent constitutional infirmities such as . . . violation of the privilege against self-incrimination -- even assuming there is some factual basis for these allegations.'" Amparo v. Henderson, CV 86-4310 (RJD), 1989 WL 126831 at *1-*2 (E.D.N.Y. Oct. 18, 1989), quoting Isaraphanich v. United States, 632 F. Supp. 1531, 1533 (S.D.N.Y.

9

1986)(Lasker, D.J.).  Indeed, once there has been an admission of guilt, "[t]he only proper focus of a federal habeas inquiry . . . is the voluntary and intelligent character of the guilty plea." Amparo v. Henderson, supra, 1989 WL 126831 at *2, quoting Isaraphanich v. United States, supra, 632 F. Supp. at 1533.

By statute, New York provides a limited exception to the general rule that a guilty plea precludes the assertion of constitutional violations that precede the plea.  New York Criminal Procedure Law Section 710.70(2) provides that "[a]n order finally denying a motion to suppress evidence may be reviewed upon an appeal from an ensuing judgment of conviction notwithstanding the fact that such judgment is entered upon a plea of guilty."  This statutory preservation of a criminal defendant's appellate rights also operates to preserve the defendant's right to challenge an adverse decision on a suppression motion by way of a federal habeas corpus petition, notwithstanding his guilty plea.  Lefkowitz v. Newsome, 420 U.S. 283, 293 (1975)

"This statutory right to appeal, however, can be waived."  Mapp v. Phillip, No. 04-CV-1889 (JG), 2005 WL 1541044 at *5 (E.D.N.Y. June 29, 2005).  The right to appeal is waived when a defendant explicitly agrees to forfeit it as a part of his plea.  See Mapp v. Phillip, supra, 2005 WL 1541044 at *5, citing Smoot v. McGinnis, No. CV 98-4145 (RR), 2001 WL 1328593 at *5

10

(E.D.N.Y. Sept. 20, 2001); People v. Seaberg, 74 N.Y.2d 1, 10, 541 N.E.2d 1022, 1026, 54 N.Y.S.2d 968, 972 (1989) (waivers of right to appeal advance State's legitimate interest in finality and in holding defendants to bargains they have made); People v. Vallejo, 261 A.D.2d 962, 962-63, 690 N.Y.S.2d 374, 375 (4th Dep't 1999) (upholding waiver of right to appeal suppression ruling). "Waiver of the right to appeal an adverse suppression ruling in state court also waives the opportunity for federal habeas review of that ruling." Mapp v. Phillip, supra, 2005 WL 1541044 at *5.

    2.  Application

        a.  Claims Extinguished
           by De Vonish's Plea

Here, De Vonish has not stated why his claims would "stand in the way of conviction if factual guilt [were] validly established." Lugo v. Artus, supra, 2008 WL 312298 at *3. In addition, New York's statutory exception does not apply here because De Vonish explicitly waived his right to appeal as part of his plea agreement. Although De Vonish challenged the effectiveness of the waiver of his right to appeal, his challenge was not successful, and De Vonish has not raised it here. De Vonish's claims are, therefore, extinguished by his guilty plea because they have no relevance to his factual guilt, assuming the

11

voluntariness of his guilty plea. Ploof v. Gorczyk, 104 F.3d 356, 1996 WL 705869 at *2 (2d Cir. 1996)(unpublished table decision) (defendant who pleads guilty may not raise non-jurisdictional challenges to indictment through federal habeas proceeding); accord Fifield v. Hunt, 06-cv-6235(T), 2009 WL 4730322 at *3 (W.D.N.Y Dec. 4, 2009); Jones v. Walsh, 06 Civ. 225 (JGK), 2007 WL 4563443 at *5 (S.D.N.Y. Dec. 27, 2007)(Koeltl, D.J.).[3]

IV. Conclusion

Accordingly, for all the foregoing reasons, I respectfully recommend that the petition be denied in all respects.

In addition, because petitioner has not made a substantial showing of the denial of a constitutional right, I also recommend that a certificate of appealability not be issued. 28 U.S.C. § 2253. To warrant the issuance of a certificate of

---

[3] De Vonish's claims concerning Fourth Amendment violations additionally fail because they are not cognizable in habeas corpus proceedings where, as here, the petitioner has not alleged that he lacked a full and fair opportunity to litigate the claims in state court. Stone v. Powell, 428 U.S. 465, 482 (1976).

De Vonish's claim that the New York burglary statute is void for vagueness also fails on the merits as the United States Court of Appeals for the Second Circuit has held, in a case brought by De Vonish himself, that the burglary statute is not impermissibly vague as "[a] specific intent to commit a particular crime upon entry is not a material element of the offense under New York law." De Vonish v. Keane, 19 F.3d 107, 109 (2d Cir. 1994), citing People v. Mackey, 49 N.Y.2d 274, 279, 401 N.E.2d 398, 401, 425 N.Y.S.2d 288, 291 (1980).

appealability, "petitioner must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Middleton v. Attorneys Gen., 396 F.3d 207, 209 (2d Cir. 2005) (per curiam) (citation and internal quotation marks omitted); see also Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005) (per curiam).  For the reasons set forth above, I conclude that there would be no difference of opinion among reasonable jurists that petitioner's federal rights were not violated.

I further recommend that certification pursuant to 28 U.S.C. § 1915(a)(3) not be issued because any appeal from this Report and Recommendation, or any Order entered thereon, would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).

V. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections.  See also Fed.R.Civ.P. 6(a).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable

William H. Pauley, III, United States District Judge, 500 Pearl Street, Room 2210, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Pauley. FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-238 (2d Cir. 1983).

Dated:   New York, New York
         October 6, 2011

Respectfully submitted,

*[signature]*

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Mr. James De Vonish
547 West 147 Street
Apt. 1B
New York, New York 10031

Alyson J. Gill, Esq.
Assistant Attorney General
State of New York
120 Broadway
22nd Floor
New York, New York   10271

14