UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
                              :
JAMES DE VONISH,              :
                              :
            Petitioner,       :    08 Civ. 10845 (WHP) (HBP)
                              :
       -against-              :    MEMORANDUM & ORDER
                              :
JAMES J. WALSH,               :
                              :
            Respondent.       :
                              :
------------------------------X

WILLIAM H. PAULEY III, District Judge:

        Petitioner pro se James De Vonish ("De Vonish") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction for one count of burglary in the second degree following his guilty plea. On October 6, 2011, Magistrate Judge Henry B. Pitman issued a report and recommendation (the "Report") recommending that this Court deny De Vonish's petition. On October 25, 2011, De Vonish filed objections to the Report. For the following reasons, this Court concludes that De Vonish's objections are without merit and adopts Magistrate Judge Pitman's thorough and well-reasoned Report in full.

## BACKGROUND

        On February 12, 2002, at approximately 4:30 a.m., police responded to a 911 call reporting a possible burglary in progress at the French Evangelical Presbyterian Church in Manhattan. (Report at 2, 3 n.1.) When police arrived at the church they observed a broken window and discovered De Vonish in the church's dining area. (Report at 3 n.1.) Police arrested De Vonish and seized a bag by his feet that contained various tools, including a bolt cutter. (Report at 3 n.1.)

1

On February 22, 2002, De Vonish was charged with one count of burglary in the second degree, one count of criminal mischief in the third degree, one count of criminal possession of a controlled substance in the seventh degree, and six counts of possession of burglar's tools. (Report at 2.) On July 14, 2006, De Vonish pled guilty to one count of burglary in the second degree in full satisfaction of the indictment. (Report at 3.) During his plea allocution, De Vonish stated that he understood that he waived his right to appeal by pleading guilty, and he subsequently signed a waiver of his right to appeal. (Report at 4.) On July 27, 2006, De Vonish was sentenced to nine years of imprisonment and five years of post-release supervision. (Report at 4-5.)

De Vonish filed this habeas petition on December 15, 2008. He seeks to vacate his conviction on the grounds that (1) his arrest was without probable cause; (2) the bag the police seized during his arrest should have been suppressed; and (3) the New York burglary statute is unconstitutionally vague because the Government need not identify the crime a defendant intended to commit upon illegal entry of a building. (Report at 5-7.)

## DISCUSSION

I. Standard of Review

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of a magistrate judge. 28 U.S.C. § 636(b)(1). This Court reviews de novo those parts of the Report to which objections are made and reviews the remainder for clear error on the face of the record. See 28 U.S.C. § 636(b)(1); see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, "[a] petition for habeas corpus cannot be granted unless the state court's ruling 'resulted

in a decision that was contrary to, or involved an unreasonable interpretation of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Eisemann v. Herbert, 401 F.3d 102, 110 (2d Cir. 2005) (quoting 28 U.S.C § 2254).

II. Procedural Bars

When a defendant pleads guilty, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . . ." Tollet v. Henderson, 411 U.S. 258, 267 (1973). Section 710.70(2) of New York Criminal Procedure Law provides a limited exception to this general rule by allowing appellate review of an adverse suppression ruling, even where a judgment of conviction is entered upon a guilty plea. However, a defendant cannot avail himself of this exception where he waives his right to appeal as part of his plea. See Mapp v. Phillip, No. 04-CV-1889 JG, 2005 WL 1541004, at *5 (E.D.N.Y. June 29, 2005).

The magistrate judge found that De Vonish's petition should be denied because his guilty plea bars him from raising claims relating to the deprivation of his constitutional rights prior to the entry of his plea. (Report at 11.) Further, Magistrate Judge Pitman found that De Vonish could not avail himself of the exception carved out by Section 710.70(2) of New York Criminal Procedure Law because he waived his right to appeal as part of his plea. (Report at 11.)

De Vonish raises four objections: (1) the magistrate judge erred in concluding that De Vonish could not raise constitutional claims; (2) the bag seized at the time of De Vonish's arrest should have been suppressed; (3) the magistrate judge erred in not considering De Vonish's claims on the merits; and (4) the magistrate judge erred by mischaracterizing De

3

Vonish's claim as one that the burglary statute was unconstitutionally vague, when De Vonish maintained that the indictment was unconstitutionally vague.

De Vonish's objections are without merit. With regards to his first three objections, clear Supreme Court precedent bars De Vonish from "rais[ing] independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollet, 411 U.S. at 267. Further, De Vonish's fourth objection that his Petition does not challenge the constitutionality of the burglary statute is squarely contradicted by the Petition itself. (Petition for Writ of Habeas Corpus, at 7, ECF No. 1.) But even if De Vonish had attacked the constitutionality of the indictment, and not the burglary statute, his claim would still be barred because it relates to a deprivation of his constitutional rights prior to his guilty plea. See Tollet, 411 U.S. at 267.

This Court has reviewed the remainder of the Report and finds it is not facially erroneous. Accordingly, this Court affirms and adopts it.

## CONCLUSION

For the foregoing reasons, this Court adopts the report and recommendation of Magistrate Judge Pitman in its entirety. De Vonish's petition for a writ of habeas corpus is denied. Because De Vonish has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. See 28 U.S.C. § 2253(c). In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of the Court is directed to terminate all motions pending as of this date and mark the case closed.

Dated: December 14, 2011
New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Copies mailed to*:
The Hon. Henry B. Pitman
United States Magistrate Judge

James De Vonish
547 West 147th Street
Apt. 1B
New York, NY 10031
*Petitioner Pro Se*

Alyson J. Gill
Assistant Attorney General of the
State of New York
120 Broadway
New York, NY 10271
*Counsel for Respondent*